IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHIE ALEXANDER | ) | CASE NO. |
| 13120 Hathaway Road | ) | |
| Garfield Heights, Ohio 44125 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE FAIR** |
| CONCORD HOSPITALITY | ) | **LABOR STANDARDS ACT** |
| ENTERPRISES COMPANY | ) | **AND THE OHIO MINIMUM** |
| c/o Statutory Agent | ) | **FAIR WAGE ACT AND** |
| Corporation Service Company | ) | **DAMAGES AND INJUNCTIVE** |
| 50 W. Broad Street, Suite 1330 | ) | **RELIEF** |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| -And- | ) | **(Jury Demand Endorsed Hereon)** |
| | ) | |
| GREGORY JOHNSON | ) | |
| 2021 Cornell Road | ) | |
| Cleveland, Ohio 44106 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Richie Alexander by and through undersigned counsel, as his Complaint against

Defendant, states and avers the following:

## PARTIES

1. Alexander is a resident of the city of Garfield Heights, county of Cuyahoga, in the state of Ohio.

2. Concord Hospitality Enterprises Company ("Concord") is a foreign corporation, incorporated in

   the state of Delaware with its principal place of business in Wake County, North Carolina.

3. Concord conducts business in the state of Ohio including operating a Courtyard by Marriott UCI

   hotel located in Cuyahoga County at 2021 Cornell Road, Cleveland, 44106 ("Cleveland

   Marriott").

4. Concord is and, at all times hereinafter mentioned, was an enterprise within the meaning of

   section 3(r) of the Fair Labor Standards Act.

5. During all times material to this Complaint, Concord was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) and R.C. § 4111.03(D).

6. During all times material to this Complaint, Plaintiff was an "employee" of Concord within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

7. Defendant Gregory Johnson is a resident of the state of Ohio employed by Concord.

8. Johnson did, and, at all times hereinafter mentioned, act directly or indirectly in the interest of Concord and/or within the scope of his employment at the Cleveland Marriott.

9. At all times relevant herein, Johnson supervised and/or controlled Alexander's employment at Concord.

10. Johnson was an employer within the meaning of R.C. § 4112.01(A)(2).

## JURISDICTION & VENUE

11. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. This Court has personal jurisdiction over Concord because Concord is a for-profit corporation that conducts business in this District, and at all times material to the allegations contained herein, Defendant Concord conducted business in this District and had sufficient minimum contacts within this District.

13. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's Ohio Wage Law claims, because those claims derive from a common nucleus of operative fact.

14. This Court has supplemental jurisdiction over Alexander's state law claims pursuant to 28 U.S.C. § 1367 as Alexander's state law claims are so closely related to his federal law claims

The Employee's Attorney.™



that they form part of the same case or controversy under Article III of the United States Constitution.

15. All material events alleged in this Complaint occurred in Cuyahoga County.

16. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Defendants are and have been responsible for the acts alleged herein, all of the practices complained of herein occurred in this District, and Defendants have received substantial compensation as a result of doing business in this District.

## FACTS

17. Alexander is male.

18. Alexander is a former employee of the Defendants.

19. On or around July 6, 2015, Alexander began working for Concord at the Cleveland Marriott.

20. At the time immediately preceding his termination from Concord, Alexander was employed as a Maintenance Technician II.

21. As a Maintenance Technician II, Alexander was a full time, hourly, non-exempt employee.

22. As a Maintenance Technician II, Alexander was regularly scheduled to work at least 40 hours per week.

23. As a Maintenance Technician II, Alexander was required to perform a set of job duties that took longer to complete than Alexander's scheduled shifts.

24. Defendants knew or should have known that Alexander was unable to complete his assigned job duties during his scheduled shift.

25. When Alexander remained clocked in order to perform his assigned job duties he was reprimanded and instructed not to incur overtime hours.

26. Alexander was regularly instructed to clock out and continue to perform his job duties so as to avoid incurring overtime hours.

The Employee's Attorney.™



27. Johnson regularly instructed Alexander to clock out and continue to perform his job duties so as to avoid incurring overtime hours.

28. As a result of being instructed to clock out and complete his work, Alexander regularly worked an additional 30 to 60 minutes for which he was not paid.

29. During his employment with Concord at the Cleveland Marriott, Alexander regularly worked between two and a half and five hours of overtime per week without being paid for this overtime work.

30. Defendants knew that requiring Alexander to perform assigned job duties while he was off the clock violated overtime obligations imposed by the FLSA.

31. Defendants knew that hourly non-exempt employees were supposed to be paid at one and one half times his or her regular rate of pay for any hours worked over 40 in a workweek.

32. In violating the FLSA, Defendants acted intentionally and willfully, and recklessly.

33. In violating the FLSA, Defendants acted in disregard of clearly applicable FLSA provisions.

34. In violating the FLSA, Defendants acted without a good faith basis in forcing non-exempt employees, like Alexander, to work overtime hours without being compensated.

35. During his employment, Alexander was subjected to discrimination and harassment based on his gender.

36. During Alexander's employment, Johnson frequently talked down to Alexander.

37. During Alexander's employment, Johnson frequently yelled at Alexander.

38. During Alexander's employment, Johnson regularly treated Alexander like less of an employee because Johnson believed that Alexander was not manly.

39. During Alexander's employment, Johnson regularly treated Alexander like less of an employee because Johnson believed that Alexander was too soft spoken and well-groomed to be a heterosexual male.

The Employee's Attorney.™



40. During Alexander's employment, Johnson regularly made assumptions about Alexander's sexual orientation.

41. During Alexander's employment, Johnson regularly asked Alexander, "Are you gay?"

42. During Alexander's employment, Johnson regularly asked Alexander, "Are you homosexual?"

43. During Alexander's employment, if Alexander did something that Johnson didn't like or agree with, Johnson would ask Alexander, "Are you sure you aren't homosexual?"

44. During Alexander's employment, Johnson regularly asked Alexander, "Do you have a boyfriend?"

45. In an effort to further harass Alexander, Johnson continued to add job duties to Alexander's daily tasks knowing that Alexander would not be able to complete these tasks during his scheduled shift.

46. Johnson made important employment related decisions based on Alexander's gender.

47. Johnson made important employment related decisions based on his animus for Alexander's mannerisms that didn't conform with Johnson's perceptions of traditional or typical gender roles.

48. Johnson made important employment related decisions based on offensive stereotypes regarding gender.

49. Alexander was terminated on March 23, 2016.

50. Alexander was terminated because of his gender.

51. Johnson participated in the decision to terminate Alexander's employment.

52. As a result of Defendants' discrimination against Alexander, he suffered severe emotional distress.

53. As a result of being terminated unlawfully, Alexander has suffered severe emotional distress.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

The Employee's Attorney.™



54. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

55. At all times hereinafter mentioned, Concord was a single enterprise within the meaning of section 3(r) of the Fair Labor Standards Act ("FLSA").

56. During all times material to this complaint, Plaintiff was not exempt from receiving overtime and/or minimum wage under the FLSA because, inter alia, he was not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

57. During all times material to this Complaint, Concord violated the FLSA with respect to the Plaintiff by, *inter alia*, failing to compensate him at time-and-one-half times his regular rate of pay for any hours worked in excess of forty (40) hours per workweek.

58. During all times material to this complaint, Concord knew that Plaintiff was not exempt from the minimum wage and overtime obligations imposed by the FLSA.

59. During all times material to this complaint, Concord knew of the requirement to pay Plaintiff at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half his regular rate for hours worked in excess of forty (40) hours per workweek.

60. Concord willfully withheld and failed to pay overtime compensation to which Plaintiff was entitled.

61. In violating the FLSA, Concord acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

62. As a direct and proximate cause of Concord's conduct, pursuant to 29 U.S.C. § 216(b), Concord is liable to Plaintiff and those similarly situated for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

The Employee's Attorney.™



## COUNT II: VIOLATION OF THE OHIO WAGE ACT

63. Alexander restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

64. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, *et seq*.

65. During all times material to this Complaint, Plaintiff was a covered employee entitled to individual protection of the Ohio Wage Act.

66. During all times material to this Complaint, Concord was a covered employer required to comply with the Ohio Wage Act's mandates.

67. Alexander worked over forty hours per workweek during his employment with Concord.

68. Concord did not pay Alexander overtime wages for hours worked over forty per workweek.

69. Pursuant to Ohio Rev. Code § 4111.03(A), an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one workweek.

70. Alexander was a non-exempt employee for purposes of Ohio Rev. Code § 4111.03(A).

71. As a direct and proximate result of Concord's failure to pay Alexander his lawfully earned overtime wages, Alexander suffered damages.

72. Concord acted willfully, without a good faith basis and with reckless disregard in violating O.R.C. §§ 4111.01, *et seq*.

73. Concord acted in bad faith in violating O.R.C. §§ 4111.01, *et seq*.

74. As a direct and proximate result of Concord's failure to pay Alexander his lawfully earned overtime wages, pursuant to Ohio Rev. Code § 4111.10(A), Concord is liable to Alexander for the full amount of the overtime wage rate, as well as for costs and reasonable attorneys' fees as may be allowed by the Court.

The Employee's Attorney.™



## COUNT III: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.02(A)

75. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

76. Defendants were employers as defined by R.C. § 4112.01 *et seq.*

77. Concord was an employer as defined by R.C. § 4112.01 *et seq.*

78. Plaintiff is a member of a statutorily protected class based upon his gender under R.C. § 4112.02 *et seq.*

79. Throughout his employment, Plaintiff was fully competent to perform his essential job duties.

80. Defendants treated Plaintiff differently than other similarly situated employees based upon his gender.

81. Defendants violated R.C. § 4112.01 *et seq.*, by treating Plaintiff differently than other similarly situated employees based on his gender.

82. Defendants violated R.C. § 4112.01 *et seq.*, by making harassing comments to Plaintiff about his sexual preference.

83. Defendants violated R.C. § 4112.01 *et seq.*, by making offensive assumptions about Plaintiff's sexual preference based on gender stereotypes.

84. Defendants violated R.C. § 4112.01 *et seq.*, by treating Plaintiff poorly because of perceptions that Alexander did not conform to traditional gender norms, roles, and stereotypes.

85.  On or about March 23, 2016, the Defendants terminated Plaintiff from his employment without just cause.

86. Defendants terminated Plaintiff because of his gender.

87. Defendants' termination of Plaintiff is an unlawful adverse employment action based on Plaintiff's gender.

88. Defendants violated R.C. § 4112.01 *et seq.*, by terminating Plaintiff because of his gender.

8



89. During Plaintiff's employment, Defendants did not terminate similarly situated male employees for engaging in the same or similar conduct to the conduct that Defendants allege precipitated Plaintiff's termination.

90. Defendants' discrimination against Plaintiff based on his gender violates Ohio Revised Code R.C. § 4112.01 *et seq.*

91. As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Richie Alexander respectfully requests that this Honorable Court grant the following relief:

(a) Awarding to Plaintiff unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(b) Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(c) Awarding Plaintiff such other and further relief as the Court deems just and proper;

(d) An injunction prohibiting Concord from engaging in future violations of the FLSA and the Ohio Wage Act;

(e) Issue an order requiring Defendants to restore Alexander to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(f) An award against Defendants of compensatory and monetary damages to compensate Alexander for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

9

The Employee's Attorney.™



(g) An award of punitive damages against Defendants in an amount in excess of $25,000;

(h) An award of reasonable attorneys' fees and non-taxable costs for Alexander's claims as allowable under law;

(i) An award of the taxable costs of this action;

(j) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever; and

(k) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

_/s/ Kelly L. Wilson_
Kelly L. Wilson (0086033)
Brian D. Spitz (0068816)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: kelly.wilson@spitzlawfirm.com
        brian.spitz@spitzlawfirm.com

*Attorneys for Plaintiff Richie Alexander*

The Employee's Attorney.™



## JURY DEMAND

Plaintiff Richie Alexander demands a trial by jury by the maximum number of jurors permitted.


/s/ Kelly L. Wilson
Kelly L. Wilson (0086033)
**THE SPITZ LAW FIRM, LLC**

11

