# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| RICHIE ALEXANDER, | ) | CASE NO. 1:17-CV-1422 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CONCORD HOSPITALITY | ) | |
| ENTERPRISES COMPANY, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On June 7, 2018, the parties filed a Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice. (Doc. No. 24 ["Mot."].) Appended to their motion is the parties' Confidential Settlement Agreement and General Release, which resolves all of plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and state law. (Doc. No. 24-1 ["Settlement"].) The Court must now determine whether the settlement represents a fair resolution of plaintiff's FLSA claims. For the reasons that follow, the Court finds that it does, and the settlement is approved.

## I. BACKGROUND

In this action, filed on July 6, 2017, plaintiff, Richie Alexander, sought to recover wages alleged to have been earned by him and owed to him by defendants. He also sought damages in connection with his allegations of gender discrimination and harassment in violation of Ohio law. In their answer, defendants denied that plaintiff was entitled to any additional wages,

including any additional overtime compensation, and denied plaintiff's allegations of gender discrimination and harassment. (Doc. No. 8 (Answer).)

On October 11, 2017, the Court conducted a telephonic case management conference with counsel for the parties. During the conference, the Court encouraged counsel to explore the possibility of settlement. After conducting some initial discovery, the parties entered into a settlement agreement.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id.*

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement.[1] *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

---

[1] In collective actions, of which this case is not, the court should also consider the opinion of counsel and collective representatives and the reaction of absent collective members. *Id.*

### III. ANALYSIS

At the outset, the Court finds that the instant action presented bona fide disputes. Plaintiff asserts that he was required to work in excess of 40 hours of week, but was not properly compensated for his time. He further alleges that he was harassed and discrimination against on the basis of his gender in violation of Ohio statutory law. Defendants insist that plaintiff was paid in compliance with FLSA regulations and Ohio law, and further deny plaintiff's allegations of gender discrimination and harassment. The divergent views of the facts and the law present bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that the award of attorney's fees to plaintiff's counsel is reasonable, taking into consideration the complexity of the case and the fact that a settlement was reached early in the litigation. While the Court is not in a position to assess the likelihood of success on the merits, as the case was still in the early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

**IV. CONCLUSION**

For all of the foregoing reasons, the parties' joint motion for approval of the settlement is GRANTED. The claims in plaintiff's complaint are dismissed with prejudice, and this case is closed.

**IT IS SO ORDERED**.

Dated: August 8, 2018

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**